42-B183-598

# STATE OF TENNESSEE
## SUMMONS

FILED
WILLIAMSON COUNTY
CLERK & MASTER
2009 NOV 13 PM 1:49
ENTERED

### IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

GREG ROSS
**Plaintiff**

**Plaintiff**
vs.
STATE FARM FIRE and CASUALTY
**Defendant**
COMPANY by serving the
**Defendant**
COMMISSIONER OF INSURANCE
**Defendant** TN DEPT. OF COMMISSION AND INSURANCE, 500 James Robertson Pwy.
Nashville, TN 37243-0565

CIVIL ACTION NO. 37617

Service By:
☐ Sheriff
☐ Attorney
☐ Sec. Of State
☒ Comm. Of Insurance

To the above named Defendant:

You are hereby summoned and required to serve upon W. GARY BLACKBURN plaintiff's attorney, whose address is 101 Lea Avenue, Nashville, TN 37210 _____, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Elaine B. Beeler, Clerk and Master for said Court at office this 13 day of Nov, 2009

_Carletta Maxwell_
Clerk & Master

### NOTICE:

To the defendant(s): Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk and Master, P.O. Box 1666, Franklin, TN 37065.

DEFT./WITNESS COPY

EXHIBIT 1

05 DEC. 8. 2009 11:46AM    STATE FARM → CIOS NO. 834    P. 4 03/012

42-13183-598

FILED
WILLIAMSON COUNTY
CLERK & MASTER
2009 NOV 12 PM 1:48

ENTERED____

IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

| | |
|---|---|
| GREG ROSS, | ) |
| Plaintiff, | ) Case No. 37017 |
| vs. | ) JURY DEMAND |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT

Comes now Greg Ross and for his Complaint against the Defendant, State Farm Fire and Casualty Company states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Gregory Ross is a resident of Williamson County, Tennessee.

2. The Defendant State Farm Fire and Casualty Company is a foreign corporation authorized to conduct the business of insurance within this State. State Farm has designated the Commissioner of Insurance of the State of Tennessee to receive process on its behalf. Performance of the contract of insurance and the insured property are in Williamson County, Tennessee. Venue is therefore found in the Chancery Court, Williamson County, Tennessee.

### ALLEGATIONS OF FACT

3. Plaintiff Gregory Ross was an insured under policy no. 42-J5-5822-0. The policy insures property at 4321 Long Lane in Franklin, Tennessee, which is provided to Mr. Ross as a parsonage by the Immanuel Community Baptist Church, for which Plaintiff

serves as Pastor. The church has authorized Plaintiff to act on its behalf in procuring insurance and the Defendant has previously determined that coverage would be provided for any covered loss.

4.  On or about January 3, 2008, the property suffered extensive water damage as a consequence of frozen and burst pipes. A claim was timely made to the Defendant State Farm under said policy of insurance.

5.  The parties, having been unable to agree as to the amount of the loss invoked the appraisal clause of the policy. That clause provides in pertinent part:

> Section 1 – Conditions
> 4. **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a COMPETENT, DISINTERESTED APPRAISER. Each shall notify the other of the appraiser's identity within twenty (20) days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. . . . the appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreements signed by any two of these three shall set the amount of the loss. . . .(emphasis added)

6.  The appraisal procedure in this insurance contract is intended to achieve a prompt, fair and reasonable assessment of the amount of loss sustained as a result of an insurable occurrence, utilizing the services of persons whose background and training prepared them for the task.

7.  Each party owed to the other the duty of good faith and fair dealing. This duty included refraining from conduct which interfered with the essential fairness of the appraisal process.

8. The appraisal clause of the contract of insurance required that each party appoint as their appraisers persons who were "competent and disinterested." It is a breach of the contract of insurance and a violation of the duty of good faith and fair dealing for an insurance carrier to encourage, tolerate, participate in or acquiesce in behavior by its designated appraiser which is intended or which results in the appraiser assuming the role of an advocate and therefore no longer being "disinterested," or for the company to tolerate or participate in any conduct which demonstrates partiality in the process, or otherwise seeks to involve anything other than a fair and impartial appraisal.

9. The appraisal clause of the contract presumes that the appointed appraisers will confer and disclose, each to the other, his own appraisal of the amount of the loss and the basis therefore so that they may attempt in good faith to address any differences that may exist. The contract provides that should two competent and disinterested appraisers agree upon the amount of the loss, then they are required to submit "a written report of an agreement to [the carrier,] and the amount agreed upon shall be the amount of the loss."

10. Should, following such good faith consultation, the appraisers fail to agree within a reasonable time, they are required to submit "their differences" to an umpire selected by them, who must be "competent and impartial."

11. Because the contract requires and anticipates a collaborative effort between two competent and disinterested professionals, it is a breach of the duty of good faith and fair dealing for either of the appraisers to do any of the following: (a) manipulate, withhold or distort facts, conclusions or information for the mere purpose of reducing or increasing the amount of the loss; (b) refuse to divulge his own appraisal and the basis therefore to the other appraiser; (c) direct or instruct the umpire as to what he is permitted

3

to disclose to the other appraiser; (d) engage in ex parte communications with the umpire; (e) submit arbitrary or intentionally misleading appraisals for the purpose of misleading or inappropriately influencing the umpire; or, (f) engage in any other behavior inconsistent with a disinterested appraisal and indicative instead of mere advocacy.

12. Plaintiff appointed Mr. Chuck Howarth of Franklin, Tennessee as his appraiser. State Farm appointed David Horton of Jackson, Tennessee. Horton and Howarth signed a "Declaration of Appraisers" on or about March 23, 2009. The Declaration is attached hereto as Exhibit A to this Complaint and is incorporated herein by reference. Each appraiser agreed and swore to "act with strict impartiality making an appraisement (sic) of the actual cash value and the amount of loss upon the property hereinbefore mentioned., . . ." and further agreed to render a "true, just and conscientious award. . ."

13. David Horton is engaged primarily in the business of minimizing loss payments for insurance companies, including State Farm. Plaintiff believes and therefore avers that Horton and was specifically selected by the Defendant for the purpose of limiting its exposure. David Horton is neither disinterested nor impartial.

14. Mr. Horton, who perceived his role as one of advocacy on behalf of State Farm, proposed absurdly inadequate amounts to compensate Mr. Ross for the loss. Mr. Horton has a history and practice of tendering unreasonably low appraisal estimates and of using Balfour Construction Company, with whom he has a long relationship, as part of his advocacy. Predictably, the appraisal amount submitted by Horton was considerably lower than that of Mr. Howarth and the number previously ascertained by State Farm itself.

4

15.  Mr. Horton and Mrs. Howarth selected Mr. Robert Martin of Monterey, Tennessee as the umpire pursuant to the provisions of the policy. No serious effort was made by Horton to identify and resolve the differences between his putative appraisal and that of Mr. Howarth. Mr. Horton, as agent for State Farm, insisted upon engaging in <u>ex parte</u> communications with the umpire, despite objections by Mr. Howarth. Horton tendered a report to the umpire with the specific instruction that it be withheld from Mr. Howarth. Likewise, Horton declined to accept, review, or discuss the tendered appraisal package from Mr. Howarth. Consequently, Mr. Howarth was unable to work with the umpire and Mr. Horton to resolve any differences between their appraisals.

16.  Mr. Howarth complained about this behavior and finally demanded that Mr. Martin withdraw from further participation in the appraisal. Martin declined on the basis that while he had not provided Horton's estimate to Mr. Howarth, he had likewise not provided Howarth's to Mr. Horton. Martin, under the duress of State Farm, through Horton, failed and refused to control the essential conduct of the appraisal.

17.  The umpire thereafter rendered an "award" which is attached hereto as Exhibit B to this Complaint. The award omits entire categories of damage, including but not limited to flooring replacement and the amount proposed by Martin leaves the insured in a position of being unable to repair the insured property. Horton, having distorted and interfered with the entire process, then "approved" the award.

## FIRST CAUSE OF ACTION

### Breach of Contract

18.  It was improper and in violation of the contract for David Horton to act as an advocate on behalf of State Farm. It was improper and in violation of the contract for

42-B183-S;8

Horton to refuse to present and discuss differences in appraisals with Mr. Howarth; for him to misinform the umpire by using Balfour Construction Company, whose work was incomplete and inadequate, a fact known to Horton; and it was inappropriate and in violation of the contract of insurance for Horton to refuse to exchange his appraisal with that of Mr. Howarth; it was improper and in violation of the contract of insurance for Mr. Horton improperly to influence Mr. Martin through ex parte communications and through directing the very procedures under which Martin would perform his work.

19. It was improper and in violation of the contract of insurance for the umpire to allow himself improperly to be influenced by Mr. Horton and intentionally to avoid or neglect a complete valuation of the loss aside from questions of liability.

20. The putative "award" rendered in this case was the product of over-reaching, resulting in an award so grossly inadequate as to amount to a fraud. Further, the award evidenced a misapprehension on the part of the umpire of his duty and a failure to perform under the contract of insurance. Enforcement of this award would be unjust, unconscionable and oppressive.

21. State Farm has therefore breached this contract of insurance and Plaintiff has been damaged by the failure of the carrier to honor the agreement.

## SECOND CAUSE OF ACTION

### Tennessee Consumer Protection Act

22. The behavior of State Farm Insurance as alleged and its agent, David Horton, constitute unfair and deceptive trade practices in violation of the Tennessee Consumer Protection Act. T.C.A. 47-18-102 et seq. Plaintiff has suffered an ascertainable loss of money or property as a consequence of the violation of the Act.

42-13183-598

WHEREFORE Plaintiff prays as follows:

A. That proper process issue upon the Defendant through the Commissioner of Insurance and that it be required to answer within the time prescribed by law;

B. That the Court declare the appraisal process engaged in, in this case, to have been contrary to the provisions of the policy and that in the alternative the Court either

  (i) Order a new appraisal to be done without the participation of David Horton or Mr. Martin and done in accordance with the terms of the contract; or

  (ii) that the Court find that State Farm has by its conduct waived the appraisal provisions of this policy, and the Court and jury may ascertain the amount of the loss and enter judgment accordingly;

C. That the Defendant be found to have violated the Tennessee Consumer Protection Act and that any amount awarded be subject to treble damages, the expenses and costs of this cause and a reasonable attorneys fees;

D. That a jury of twelve persons be empanelled to try all issues so triable; and

E. That the Plaintiff be awarded such additional relief as the Court may deem necessary.

Respectfully Submitted,

W. Gary Blackburn, Esq. (#3484)
BLACKBURN & McCUNE, PLLC
101 Lea Avenue
Nashville, Tennessee 37210
Telephone: (615) 254-7770
Facsimile: (615) 251-1385

*Attorneys for Plaintiff*

7

FILED 11-12-09
ENTERED _____ ℓ_ 1:49 pm
BOOK_____ PAGE_____
ELAINE B. BEELER, Clerk & Master

## DECLARATION OF APPRAISERS

Gregory Ross and/ or Immanuel Community Baptist Church vs. State Farm Insurance
4321 Long Lane, Franklin, TN 37064
Claim # 42-B183-598
Date of Loss – January 03, 2008

We, the undersigned, do solemnly swear that we will act with strict impartiality in making an appraisement of the actual cash value and the amount of loss upon the property hereinbefore mentioned, in accordance with the foregoing appointment, and that we will make a true, just and conscientious award of the same, according to the best of our knowledge, skill and judgment. We are not related to the Insured, either as creditors or otherwise, and are not interested in said property or the insurance thereon.

This day 23rd day of March, 2009.

_David Horton, APPRAISER_

_Chuck Howarth, APPRAISER_

We, the undersigned, hereby select and appoint Robert C. Martin to act as umpire to settle matters of difference that shall exist between us, if any, by reason of and in compliance with the foregoing memorandum and appointment;

This day 23rd day of March, 2009.

_David Horton, APPRAISER_

_Chuck Howarth, APPRAISER_

118 WEST COMMERCIAL AVENUE • MONTEREY, TN • 38574
PHONE: 931-839-2741 • FAX: 931-839-7785
3


EXHIBIT A

42-B183-598

## QUALIFICATION OF UMPIRE

Gregory Ross and/ or Immanuel Community Baptist Church vs. State Farm Insurance
4321 Long Lane, Franklin, TN 37064
Claim # 42-B183-598
Date of Loss – January 03, 2008

This day 23rd day of March, 2009.

    I, the undersigned, hereby accept the appointment of umpire, as provided in the foregoing agreement, and solemnly swear that I will act with strict impartiality in all matters of difference that shall be submitted to me in connection with this appointment, and I will make a true, just and conscientious award, according to the best of my knowledge, skill and judgment. I am not related to any of the parties to this memorandum nor interested as a creditor or otherwise in said property or insurance.

*Robert C. Martin*

118 WEST COMMERCIAL AVENUE • MONTEREY, TN - 38574
PHONE: 931-839-2761 • FAX: 931-839-7785

Art. Miller
Fire Claims
MOC

7009 0980 0000 9316 8567
STATE FARM FIRE & CASUALTY COMPANY    11/30/2009
2500 MEMORIAL BOULEVARD % JEFF SHAY
MURFREESBORO, TN 37131-0001

7009 0980 0000 9316 8567